IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KIMBERLY INGRAM | § | |
| v. | § | CIVIL ACTION NO. 6:07cv406 |
| INTERSTATE SANCTION FACILITY, ET AL. | § | |

MEMORANDUM OPINION AND PARTIAL ORDER OF DISMISSAL

The Plaintiff Kimberly Ingram filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of her constitutional rights. Ingram originally filed her lawsuit *pro se*, but is now proceeding through retained counsel. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding pursuant to 28 U.S.C. §636(c).

Two of the Defendants in the case, the Texas Department of Criminal Justice and the Texas Board of Pardons and Paroles, have filed a motion to dismiss the claims against them, arguing that the State of Texas and its agencies have not consented to lawsuits brought under Section 1983 in state or federal court, and so the claims against them under Section 1983 should be dismissed on the basis of sovereign immunity under the Eleventh Amendment. In her amended complaint, filed after the motion to dismiss, Ingram raises claims against the Board of Pardons and Paroles under the Fourteenth Amendment and against TDCJ under the Eighth Amendment, as well as a claim under the Texas Tort Claims Act against TDCJ.

The motion to dismiss, being previously filed, does not refer to Ingram's claims under the Texas Tort Claims Act. Her claim against the Board of Pardons and Paroles is that the Board wrongfully revoked her parole and then later denied her release on parole. Such claims are barred

1

under the Eleventh Amendment. *See* McGrew v, Texas Board of Pardons and Paroles, 47 F.3d 158, 160-61 (5th Cir. 1995).

Ingram's claims against TDCJ are that she was subjected to cruel and unusual punishment under the Eighth Amendment, as well as the premises liability claims under the Texas Tort Claims Act. The Eleventh Amendment bars Ingram's Eighth Amendment claims for damages against TDCJ. *See* Aguilar v. Texas Department of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998), *citing* Farias v. Bexar County Board of Trustees for Mental Heath & Mental Retardation Services, 925 F.2d 866, 875 n.9 (5th Cir. 1991).

Ingram also raises a claim under the Texas Tort Claims Act against TDCJ, apparently seeking to invoke the supplemental jurisdiction of the Court. The doctrine of pendent jurisdiction (now known as supplemental jurisdiction) is codified in 28 U.S.C. §1367, for all civil actions filed on or after December 1, 1990. Public Law 101-650, Section 310(c); Whalen v. Carter, 954 F.2d 1087, 1097 n.10 (5th Cir. 1992).

28 U.S.C. §1367(a) reads as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Subsection (b) refers to actions filed under diversity jurisdiction and thus is not applicable in this case. Subsection (c) reads as follows:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>
> (1)  The claim raises a novel or complex issue of State law;
>
> (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
>
> (3)  the district court has dismissed all claims over which it has original jurisdiction; or

> (4) in exceptional circumstances, there are compelling reasons for declining jurisdiction.

Here, the Court acquired original jurisdiction over TDCJ based on the Plaintiff's claims of a violation of federal law under 42 U.S.C. §1983 and the Eighth Amendment to the U.S. Constitution. <u>Baker v. McCollan</u>, 443 U.S. 137 (1979). However, these federal claims against TDCJ lack merit because they are barred by the doctrine of sovereign immunity set out in the Eleventh Amendment. Thus, the claims over which this Court possessed original jurisdiction are without merit. This Court therefore declines supplemental jurisdiction over the plaintiff's state law claims, deferring instead to the laws and judicial processes of the State of Texas. 28 U.S.C. §1367(c)(3). Because the Court declines supplemental jurisdiction over the state law claims, the statute of limitations on such claims is tolled from the date the lawsuit was originally filed until thirty days after the final judgment dismissing the action is entered on the docket. 28 U.S.C. §1367(d); *see also* <u>Slaughter v. Allstate Insurance Co.</u>, 803 F.2d 857 (5th Cir. 1986) (supplemental jurisdiction should not ordinarily be exercised where there is no federal claim).

The motion to dismiss filed by the Defendants TDCJ and the Texas Board of Pardons and Paroles is meritorious, and it is accordingly

ORDERED that the motion to dismiss filed by the Defendants TDCJ and the Texas Board of Pardons and Paroles (docket no. 28) is GRANTED and that the Plaintiff's Eighth and Fourteenth Amendment claims against these parties are hereby DISMISSED. It is further

ORDERED that the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claim against TDCJ to the extent that Ingram seeks relief under the Texas Tort Claims Act. It is further

ORDERED that the Texas Board of Pardons and Paroles and the Texas Department of Criminal Justice are hereby DISMISSED as parties to this case. The dismissal of these claims and Defendants shall have no effect upon the remaining claims and Defendants in this case. Finally, it is

ORDERED that the statute of limitations on the Plaintiff's state-law claims under the Texas Tort Claims Act against TDCJ are hereby TOLLED from the date the lawsuit was originally filed until thirty days after the final judgment dismissing the action is entered on the docket. 28 U.S.C. §1367(d).

So **ORDERED** and **SIGNED** this **20** day of **January, 2009.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE